However, if we follow the rule laid down in Ex parte Largent, 144 Tex.Cr.R. 592, 162 S.W.2d 419, Ex parte Killam, 144 Tex. Cr.R. 606, 162 S.W.2d 426, and Ex parte Hilley, Tex.Cr.App., 162 S.W.2d 428, we are precluded from considering whether or not the ordinance, if valid on its face, was wrongfully applied, this court being without jurisdiction of an appeal from the conviction under the terms of art. 53, C.C.P.

There is no question as to our authority to pass upon the remaining contention, which is that the ordinance is void on its face for the reasons stated in Ex parte Faulkner, 143 Tex.Cr.R. 272, 158 S.W.2d 525. If we agree with this contention it becomes unnecessary that we further consider the question of whether or not we can determine that the construction of the ordinance brings it into conflict with the State and Federal Constitutions, or consider the defect in the complaint.

We have again examined our holdings in Ex parte Faulkner and Ex parte Lewis, 141 Tex.Cr.R. 83, 147 S.W.2d 478, claimed to be in conflict therewith, and have concluded that the cases can be distinguished on the facts as pointed out in Ex parte Faulkner.

The ordinance of the City of Cuero under which appellant was convicted prohibits rather than regulates the practice of going in and upon private residences within that city by solicitors, peddlers, hawkers, itinerant merchants, transient merchants, or transient vendors of merchandise. It appears to be in almost the identical language of the ordinance of the City of Canyon which was before us in Ex parte Faulkner, 143 Tex.Cr.R. 272, 158 S.W.2d 525.

We adhere to the holding in Ex parte Faulkner and for the reasons therein stated hold that the City of Cuero was without authority to prohibit the going in and upon private residences by all uninvited solicitors, etc., without regard to the goods to be sold and the responsibility and methods of the parties selling such articles.

We disclaim any intention of holding that the complaint is not void, or of re-af-firming the holding in Ex parte Largent, Ex parte Killam and Ex parte Hilley, supra. Our holding that the ordinance is void on its face makes it unnecessary for us to pass upon these questions.

Nor are we passing upon the power of municipalities to *regulate* rather than *prohibit* the practice of going in and upon private residences by uninvited solicitors, peddlers, or transient merchants soliciting orders for the sale of their merchandise.

The judgment of the County Court refusing to discharge appellant from restraint by reason of the conviction mentioned is reversed and appellant is ordered discharged.

**FREEMAN v. STATE.**

No. 26938.

Court of Criminal Appeals of Texas.

April 7, 1954.

No attorney on appeal, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of driving a motor vehicle upon a public highway while intoxicated, and his punishment was assessed at a fine of $100.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.